# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STEVE E. BABUREK, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>    Defendant. ) | CAUSE NO.: 2:16-CV-423-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Steve E. Baburek on October 5, 2016, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], filed by Plaintiff on March 9, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On June 15, 2017, the Commissioner filed a response, and on July 13, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

### I. Background

On August 28, 2013, Plaintiff filed an application for benefits alleging that he became disabled on April 19, 2013. Plaintiff's application was denied initially and upon reconsideration. On December 16, 2015, Administrative Law Judge ("ALJ") Shane McGovern held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On January 26, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.     The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 19, 2013, through the date of the ALJ's opinion.

3. The claimant had the following severe impairments: chronic myeloid leukemia; type 2 diabetes mellitus, asthma, and obesity.

4. The claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to lift and carry up to 10 pounds occasionally and lighter objects frequently, stand and/or walk about 2 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. The claimant could never climb ladders, ropes, or scaffolds but may occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl. He must avoid exposure to excessive vibration and unprotected heights, can tolerate no more than occasional exposure to pulmonary irritants, and cannot use dangerous machinery.

6. The claimant was able to perform his past relevant work as a customer service representative, which does not require the performance of work-related activities precluded by his residual functional capacity.

7. The claimant was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the ALJ's decision.

On August 9, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Facts

Plaintiff was diagnosed with chronic myeloid leukemia in November 2012. He responded

well to a chemotherapy drug, but needs to continue taking medications to prevent recurrence. Plaintiff tried three different chemotherapy medications in turn, discontinuing each because of intolerable side effects, including fatigue, nausea, headaches, bone pain, frequent infections, bowel urgency, and diarrhea alternating with periods of constipation. Eventually, he returned to the first medication he had been prescribed because he concluded that his side effects were the least severe on that medication.

Plaintiff also has type 2 diabetes, which is treated with insulin. His blood sugar level is elevated, causing a frequent need to urinate. He has frequent respiratory infections and periodic asthma. Plaintiff's family care physician, Dr. Michael Mirochna, opined that Plaintiff was capable of sitting for just four hours and standing/walking for one hour in an eight-hour work day, that he would need to alternate sitting and standing throughout the day, and that his pain would affect his ability to sustain concentration. He also noted that Plaintiff experienced fatigue, which had its medical basis in his leukemia and the side effects of his medications. He opined that Plaintiff's fatigue would prevent him from working full-time at even a sedentary position.

### III. Standard or Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*,

345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*,

4

245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

IV. **Analysis**

Plaintiff argues that the ALJ improperly weighed the opinion of his treating physician and made multiple errors when evaluating Plaintiff's subjective symptoms, especially his fatigue, and that, as a consequence of the errors, the ALJ's residual functional capacity (RFC) assessment lacks substantial support. The Commissioner argues that the ALJ's finds are supported by substantial evidence and should be affirmed. The RFC is an assessment of what work-related activities the claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Although an ALJ is not required to discuss every piece of evidence, he must consider all of the evidence that is relevant to the disability determination and provide enough analysis in his decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002.

Plaintiff argues that the ALJ erred in assigning "little weight" to the opinion of Plaintiff's treating family care physician, Dr. Mirochna. "A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the

physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the physician's understanding of the disability programs and their evidentiary requirements or the extent to which the physician is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Foregoing any analysis of the length of the treatment relationship or frequency of examination, the ALJ rejected Dr. Mirochna's opinion because he only treated Plaintiff's "acute" problems, such as infections and minor injuries, and not his severe impairments. The ALJ also found that the opinion contradicted the doctor's own treatment notes showing "essentially normal physical exams." However, Dr. Mirochna opined that Plaintiff's limitations were due to pain and fatigue, which do not manifest on a physical exam. Additionally, while it is true that Plaintiff relied on specialists to treat his cancer, diabetes, and asthma, as Plaintiff's primary care physician, Dr. Mirochna was aware of Plaintiff's medical history, treatments, and symptoms over the period of time he treated him. Furthermore, the ALJ has not addressed the evidence suggesting that the frequent infections that Dr. Mirochna treated were themselves a consequence of Plaintiff's chemotherapy. Therefore, the ALJ has failed to provide the requisite "sound explanation" for his decision to discount Dr. Mirochna's decision. *Punzio,* 630 F.3d at 710.

Plaintiff also faults the ALJ for discounting the credibility of Plaintiff's statements concerning his symptoms, particularly his fatigue, pain, and nausea. In considering the credibility

6

of a claimant's statements about his own symptoms, an ALJ is not required to give full credit to every statement made by the claimant or to find a disability each time a claimant states he or she is unable to work, but he "must 'consider the entire case record and give specific reasons for the weight given to the individual's statements.'" *Shideler v. Astrue*, 688 F.3d 306, 311 (7th Cir. 2012) (quoting *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir.2009)).

Here, the ALJ failed to provide reasonable explanation for rejecting Plaintiff's statements regarding the side effects of the medications he takes to control his chronic leukemia. The record shows that Plaintiff switched medications several times and even took a medically supervised five-week break from anti-cancer medications due to intolerable side effects. While the ALJ acknowledged that Plaintiff's chemotherapy medications may have significant side effects, he found that those side effects were not as severe as Plaintiff alleged. It is unclear where the ALJ found support for that conclusion. First, he stated, "Dr. Ghouse observed that the claimant had minimal side effects." While it is true two pages of the 70-page exhibit that the ALJ cited for that proposition do indicate that, during visits dated June and September of 2013, Plaintiff was experiencing "minimal side effects," Dr. Gouse on other pages of that same exhibit documented nausea, emesis (vomiting), abdominal pain, fatigue, exhaustion, sleep disturbance, and unusual infections that included fever blisters on Plaintiff's face and inside his mouth and a bout of pneumonia requiring hospitalization. Characterizing this exhibit as reporting "minimal side effects" constitutes impermissible cherry-picking. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

The ALJ next noted that Plaintiff "often denied shortness of breath, abdominal pain, and

7

vomiting." An examination of the two exhibits (this time totaling well over 100 pages) which the ALJ referenced to support that statement reveals that Plaintiff frequently reported fatigue, diarrhea, constipation, and nausea–even on days he denied shortness of breath, abdominal pain, and vomiting. *See, e.g.* A.R. at 1666. The brief period during which Plaintiff reported normal digestive function was during his break from chemotherapy medications, medication which he later resumed at the urging of his doctors to prevent a recurrence of leukemia. It is difficult to see how the ALJ, in examining those records, reached his conclusion that the medical evidence does not document significant and ongoing side effects. At the very least, the ALJ has employed an impermissible methodology for evaluating the evidence. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.") The ALJ also discounted Plaintiff's reported symptoms because his nausea was relieved by Zofran. However, the record provides no indication that the drug he uses for nausea does anything to regulate the rest of his digestive system; Plaintiff reports persistent problems with diarrhea and constipation despite the use of Zofran to alleviate the discomfort of nausea. The ALJ also mentioned, but failed to explain how he considered in his RFC assessment, Plaintiff's reports that he needs to make frequent trips to the bathroom, both because of digestive upset and because of frequent urination associated with his high blood sugar.

The ALJ also rejected the statements of Plaintiff's spouse, because she is not a doctor and because, as a member of Plaintiff's household, she stands to gain financially if Plaintiff is awarded benefits. Although the ALJ was not required to credit all of the spouse's statements, he was required

8

to address the weight given to these statements and consider how they supported or were inconsistent with other evidence in the record. SSR 06-03P, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3). The failure of the ALJ to do so leaves the Court unable to determine whether the ALJ adequately considered the record as a whole.

The ALJ gave little weight to the opinion of Plaintiff's physician, rejected the opinions of the state agency doctors who reviewed Plaintiff's file and found him capable of medium-exertion work, and discounted the credibility of both Plaintiff and his wife. In the absence of any credited opinion or report, the ALJ was left to rely on Plaintiff's daily activities to assess him with an RFC capable of sedentary work with some restrictions. Although it was appropriate for the ALJ to consider Plaintiff's daily activities, the Seventh Circuit has repeatedly emphasized that a person's ability to perform daily activities does not indicate an ability to work outside of the home. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the

9

working environment . . . often differ dramatically between home and office or factory or other place of paid work."). In this case, the main activities that Plaintiff reported doing were reading the Bible and watching television. He acknowledged, and his wife corroborated, that he did only minimal housework and even that in small amounts, with rest breaks. The ALJ stated that Plaintiff cooks, but Plaintiff reports that daily he makes only simple items like sandwiches that take five minutes to prepare, and that he needs to take frequent rest breaks on those occasions when he does attempt to prepare a meal. Similarly, he vacuums, but with rest breaks. The ALJ characterized these activities as "significant" and did not explain how they contradict Plaintiff's reports of fatigue, frequent bathroom visits, and other serious side effects from medication.

Although the ALJ need not specifically include every limitation alleged by Plaintiff in the RFC, he must explain how he addressed all of Plaintiff's limitations in his RFC evaluation, building an accurate and logical bridge from the evidence to his conclusions. *Scott*, 297 F.3d at 595. Here, the ALJ cherry-picked portions of the medical record to discount the opinion of Plaintiff's treating physician, then discounted all medical source statements and testimony describing Plaintiff's work-related physical limitations, leaving the Court unable to determine what the ALJ based his opinion on. Therefore, the case must be remanded for a new RFC evaluation. On remand, the ALJ is reminded of the need to thoroughly analyze the medical evidence and personal testimony in the record, particularly statements relating to limitations caused by Plaintiff's fatigue, digestive issues, and other medication side effects, and to thoroughly explain how claimed limitations are either incorporated into the RFC or found to be unsupported.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief

in Support of Reversing the Decision of the Commissioner of Social Security [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 14th day of February, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record